## GEORGE *v.* RALLS COUNTY, and another, Garnishee.

*(Circuit Court, E. D. Missouri.* September 24, 1881.)

1. ACT OF FEBRUARY 19, 1875, OF MISSOURI, CONSTRUED — MUNICIPAL BONDS — CONSTITUTIONAL LAW — INFRINGING THE OBLIGATION OF CONTRACTS.

A county levied and collected taxes for the purpose of paying interest on certain bonds issued by it, and thereafter litigation arose as to their validity, and an act was passed by the state legislature authorizing the county court to loan the fund collected, but not specifying the time for which loans might be made. A loan was made for four years to A. Before the expiration of that time a bondholder recovered final judgment against the county, execution was issued, and A. was served with a writ of garnishment. The garnishee answered that the debt from her to the county was not due, and stated the facts. It was *held:* (1) that said act only authorized the county court to invest the fund in question subject to call, or until the litigation was concluded; (2) that if construed to authorize loans for a longer period it would infringe the obligations of the county's contract with its bondholders, and be unconstitutional; (3) that said funds, when paid into the county treasury, became trust funds for the payment of interest upon said bonds, and that it was the duty of the county authorities to apply them to that purpose as soon as the bonds were held valid; (4) that A. should be presumed to have known the provisions of the statute under which the loan was made, and that the plaintiff was entitled to judgment against her for the sum borrowed, and any interest thereon which might be unpaid.

*Overall, Judson & Tutt,* for plaintiff.

*H. A. Cunningham,* for defendant.

McCRARY, C. J. Execution was issued upon a judgment rendered in this court on the twenty-first day of October, 1878, in favor of the plaintiff and against Ralls county. Under that execution Nannie P. Mitchell was served with process of garnishment. The garnishee files an answer, from which it appears that on or about the twentieth day of June, 1880, she borrowed of the county of Ralls $400, payable four years after date, with interest at the rate of 6 per cent. per annum, and gave, in payment of such loan, a bond as follows:

"BOND FOR THE PAYMENT OF RAILROAD FUNDS.

"Know all men by these presents, that we, Nannie P. Mitchell, as principal, and E. P. Ralls and George E. Frazer, Jr., as securities, jointly and severally bind ourselves and our respective heirs, executors, and administrators to the county of Ralls, state of Missouri, in the sum of four hundred dollars, to be paid to said county for the use and benefit of the St. Louis & Keokuk Railroad interest fund of said county, to the payment whereof we jointly and severally bind ourselves, our heirs, executors, and administrators firmly by these presents. Sealed with our seals and dated the twentieth day of June, A. D. 1880.

"The conditions of this bond are that whereas the said Nannie P. Mitchell, principal, has this day borrowed from said county the sum of four hundred dollars, belonging to the railroad interest fund of said county, which said sum

of money the said principal and securities agree and promise to pay to said county, for the use and benefit of railroad interest fund, on or before the twentieth day of June, A. D. 1884, with interest thereon from the date hereof at the rate of 6 per cent. per annum, said interest to be paid annually on the twentieth day of June of each and every year until the whole debt shall be fully paid off and discharged: now, therefore, if the principal and sureties shall well and truly pay, or cause to be paid, the said sum of money borrowed, and the interest thereon, according to the tenor and effect of this bond, then this obligation shall be void, otherwise it shall remain in full force. But it is expressly agreed and understood that all interest not punctually paid when due shall, when due, be added to the principal, and shall bear interest at same rate as the principal until paid; and it is further agreed and understood, as a condition of this bond, that should default be made in the payment of interest when due, or should the said principal to this bond fail to give additional security hereto when lawfully required, in either case both the principal and interest shall become due and payable forthwith."

The answer of the garnishee proceeds to state that said bond was signed, sealed, and delivered by the said garnishee and her said security into the hands of the treasurer of Ralls county; that said bond is not due, and the said money borrowed by the said garnishee from said county court of Ralls county is not due; that at the time of the service of the garnishment upon her she did not owe the defendant any money, nor does she owe the defendant any money now, unless the court shall adjudge that she owes the defendant upon the bond executed as above, and the statement and recitals of facts above made.

Upon the filing of this answer plaintiff moved for judgment upon the ground that it sufficiently appears from the answer that the money loaned to the garnishee was money which had been paid into the county treasury for the benefit of the St. Louis & Keokuk Railroad interest fund, and therefore money which should now be applied upon the plaintiff's judgment, the judgment having been confessedly rendered upon bonds issued to aid in the construction of that railroad. On the other hand, the garnishee insists that she is not liable to pay said loan to the county, or to be required to pay it to plaintiff, until the expiration of the four years within which, by the terms of the bond, she was to make payment.

The fact appears to be that certain taxes were collected by the authorities of Ralls county under a law of the state for the purpose of paying the interest upon certain bonds issued by the county to aid in the construction of the St. Louis & Keokuk Railroad. After the collection of said taxes, litigation arose as to the validity of the bonds, and thereupon the legislature authorized and required the county

court to loan or invest the money in the county treasury arising from such taxes. This was done by the act entitled "An act to authorize the several county courts in this state to loan out or invest certain moneys," approved February 19, 1875. Laws of Missouri, 1875, p. 44.

The first section of that act is as follows:

"That the several county courts of this state be and they are hereby authorized and required to loan out any money in the hands of the treasurer of such county collected to pay interest on the bonds of such county issued to any railroad company, and which has not been applied in the payment of such interest, in any case where such bonds are or may be in litigation, or the validity of which is, at the time, being contested by judicial proceedings, at the highest rate of interest that can be obtained, not exceeding 10 nor less than 6 per cent."

It will be observed that the statute does not, in express terms, limit or fix the period for which the funds referred to may be loaned or invested. It is manifest that the funds, when collected and placed in the county treasury, became trust funds for the payment of interest upon railroad bonds, and that it was the duty of the county authorities to apply such funds to that purpose the moment it was determined, by a final adjudication, that the bonds were valid and the taxes lawfully levied and collected for their payment. It was proper enough for the legislature to authorize the county authorities to invest the funds pending the litigation, provided they made no contract having the effect of tying them up and keeping them out of reach of the bondholders after the litigation concluded.

If the act of the legislature were construed to authorize the county courts to loan these funds for an indefinite period of time, at their discretion, it would clearly have the effect of impairing the obligation of the contract between the county and the bondholders; for the plain meaning of that contract unquestionably was that the holders of the bonds were to have a vested right to payment out of any taxes levied and collected and paid into the treasury for that purpose. If the county courts can invest funds of this character for a period of four years, as against a bondholder who may recover final judgment before the expiration of that period, they can invest them for 10, 20, or 40 years, and thus indefinitely postpone the payment of their obligations. The act must, therefore, be construed as authorizing the county courts to invest the funds in question subject to call, or until such period as they may be needed to pay valid and legal obligations, for the payment of which they were raised.

The answer of the garnishee shows that she was fully advised as to the nature and character of the bond which she borrowed, and she must be presumed to have known the provisions of the statute under which the loan was made.    It follows that the plaintiff is entitled to judgment against the garnishee, upon the answer as it stands, for the sum of $400 and any interest which may appear to be unpaid.

TREAT, D. J., concurs.